**UNITED STATES of America**

v.

**Jerald WILSON.**

**No. 89 CR 349–1.**

United States District Court, N.D. Illinois, E.D.

Feb. 14, 1991.

See also 746 F.Supp. 831.

Fred Foreman, U.S. Atty. by Laurie J. Barsella, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Jerald Wilson, pro se.

### ORDER

BUA, District Judge.

Pursuant to the instructions of the Seventh Circuit, the court will now make written findings in support of its denial of defendant Jerald Wilson's motion for bond pending appeal.

The court denies bond pending appeal because the court is unable to find by clear and convincing evidence that Wilson is not likely to pose a danger to the community. It was Wilson's inability to rebut the presumption that he was a danger to the community which served as the basis for the Seventh Circuit affirming the district court's refusal to set conditions for pretrial release. *See United States v. Wilson*, No. 90–2020, slip op. (7th Cir. July 5, 1990).

Jerald Wilson was found guilty in a bench trial of twenty-four counts of mail fraud, aiding and abetting mail fraud, and aiding and abetting fraud in connection with an access device. These convictions stemmed from a sophisticated scheme masterminded by Wilson which defrauded the Illinois Bureau of Employment Security ("IBES") of $68,375. As part of this scheme, Wilson recruited friends and even his mother to submit false applications for unemployment compensation. Wilson also participated in a scheme to submit false credit card applications. Wilson was sentenced to five years of imprisonment and five years of probation. In addition, he was ordered to pay $40,000 in restitution to the IBES.

Wilson's scheme to defraud the IBES extended from approximately 1980–1986. During that period, Wilson operated his own company, J.E.Y. Wilson and Associates. The company advised businesses on unemployment compensation matters and represented businesses in IBES proceedings. By virtue of his business activities, Wilson occupied a position of trust within the community. Wilson was active in charitable causes and even ran for a Congressional seat in 1985. However, far from showing Wilson's good character, this evidence only highlights how he abused his position of trust. While he was swindling the IBES, he was holding himself out to the community as a law-abiding citizen, an individual fit to hold public office. He took advantage of citizens who were relying on his integrity.

The fraudulent actions for which Wilson was convicted are not his only brushes with fraud. In 1986, Wilson was convicted of making false statements and giving false information in response to a grand jury subpoena. And, Wilson continued committing fraudulent acts even while this case was pending. Wilson was originally given pretrial release. However, bond was revoked after Wilson filed a false claim for unemployment benefits with the IBES while on release. He used a bogus enterprise and false employment circumstances in an attempt to unlawfully obtain benefits. After an evidentiary hearing, bail was revoked. The Seventh Circuit affirmed both the revocation of Wilson's pretrial release and the denial of a motion to set conditions for pretrial release.

Based on this history and the severity of the convicted offense, the court denies Wilson bond pending appeal.